IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DOMONIC A. DAVIS,**

    **Plaintiff**

v.   Case No. 3:21cv792

**JURY TRIAL DEMANDED**

**McKESSON MEDICAL-SURGICAL, INC.,**
**a Virginia corporation,**

    **Defendant**

    Serve: Corporation Service Co.
           100 Shockhoe Slip, 2nd Floor
           Richmond, Virginia 23219-4100

## COMPLAINT

COMES NOW the Plaintiff, Domonic A. Davis ("Plaintiff" or "Mr. Davis"), by counsel, and as and for his Complaint against the Defendant, McKesson Medical-Surgical, Inc. ("Defendant" or "McKesson") states as follows:

### Parties

1. Plaintiff is a natural person and a resident of the Commonwealth of Pennsylvania. Plaintiff is an African-American male.

2. Defendant is a Virginia corporation with its principal office location being in Henrico County, Virginia. Defendant "is a medical distributor offering medical supplies, healthcare solutions, distribution services and clinical resources." *See* *https://mms.mckesson.com/*

### Jurisdiction and Venue

3. This civil action arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* At all relevant times, Defendant has employed more than fifteen persons. Jurisdiction is proper in this Court.

4. Venue is proper in this District and Division because the Defendant conducts business within Henrico County, Virginia and the events complained of herein took place within Henrico County, Virginia.

### Exhaustion of Administrative Remedies

5. Prior to instituting this civil action, Plaintiff timely filed an administrative claim with the Richmond office of the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit 1.

6. On or about September 21, 2021, the EEOC issued a "right to sue" letter to Plaintiff after failing to resolve the Plaintiff's administrative claim, with Plaintiff receiving such notice thereafter. *See* Exhibit 2. Plaintiff has filed the instant civil action within ninety (90) days of his receipt of the notice authorizing him to file this civil action in federal or state court.

### Facts and Background

7. Plaintiff began employment with Defendant on or about November 14, 2016 as an inside sales representative. At that time, Plaintiff worked out of Defendant's office in New Jersey. As an inside sales representative, Plaintiff's duties included communicating with Defendant's customers to sell Defendant's medical supply products. As a part of Plaintiff's job duties, he was expected to be knowledgeable about Defendant's medical supply products and to be able to make product recommendations to Defendant's customers based upon customer needs and Plaintiff's knowledge of Defendant's products.

8. At all relevant times, Plaintiff was a member of a team of inside sales representatives.

9. At all relevant times, Defendant made what was referred to as a "sample account" available to members of Plaintiff's inside sales representative team. The sample account, *inter alia*, was used by members of the team to send samples of Defendants' products to customers.

10. At all times during Plaintiff's employment up until September 23, 2020, members of the inside sales representative team commonly ordered medical supplies for personal use and/or use by family or friends. Such usage of the sample account was common and openly known among the team as well, upon information and belief, outside of the team within Defendant.

11. Plaintiff understood usage of the sample account to be a benefit of working for Defendant on the inside sales representative team, as well as a means by which inside sales representatives gained knowledge and familiarity with Defendant's products, which was necessary in order for team members to perform their job duties. Upon information and belief and based upon Plaintiff's discussions with other team members, this understanding was common among members of the team.

12. On or about July 1, 2020, Plaintiff's team was transferred from Defendant's Moorestown, New Jersey office to Defendant's principal office in Henrico County, due to a corporate restructuring in which Defendant closed the New Jersey office. Due to the ongoing COVID-19 pandemic and the nature of his employment, Plaintiff largely worked from his home in Pennsylvania but obtained an apartment in Richmond for his use when he needed to be physically present at the Henrico County office.

13. On or about September 23, 2020, manager Steve Amadio sent out an email to the team stating that team members could no longer use the sample account for personal use without managerial approval. As of September 23, 2020, Plaintiff accordingly ceased any use of the sample account for personal use.

14. At no time prior to September 23, 2020 did Defendant advise Plaintiff that personal use of the sample account was inappropriate and Plaintiff had received no warnings about his usage of the sample account from Defendant, whether formal or informal. Prior to September 23, 2020, personal usage of the sample account was common among members of the inside sales representative team.

15. Approximately three weeks subsequent to September 23, 2020, Defendant's Director of Investigations, Global Security and Safety, Michael McKinney ("Mr. McKinney") contacted Plaintiff and other members of the team regarding usage of the sample account. During the course of his investigation, Mr. McKinney held individual interviews with Plaintiff and other team members. During Plaintiff's interview with Mr. McKinney, Plaintiff was forthright about his usage of the sample account and offered to pay Defendant any and all monies it claimed were due and owing by virtue of Plaintiff's use of the account.

16. Following Mr. McKinney's investigation, on or about November 9, 2020, Defendant terminated two team members—Plaintiff and another African-American male—for the stated reason of unauthorized use of the sample account and/or employee theft. Other team members who were not African-American and who had also used the sample account for personal purposes were not terminated.

17. Prior to his termination, Plaintiff had been one of the top producers on his team and had received consistently positive performance reviews.

18. Plaintiff was treated in a disparate and discriminatory manner in comparison to similarly-situated co-workers outside of his protected class (African-American) in that he and another African-American male were terminated, while those outside of the protected class were not terminated, despite engaging in similar behavior.

**Count I--Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

19. Plaintiff incorporates by reference the allegations of Paragraphs One through Eighteen as if set out in full herein.

20. Defendant discriminated against Plaintiff with regard to the terms and conditions of his employment, specifically, with regard to his termination, due to his race.

21. The termination, of Plaintiff constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

22. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

23. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

WHEREFORE, the Plaintiff, Domonic A. Davis, by counsel, prays that this honorable Court grant him such relief to which he is entitled including, but not limited to, lost back pay, loss of front pay, compensatory damages, nominal damages and punitive damages, as well as pre- and post-judgment interest, attorney's fees and litigation costs and such other relief as deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

               **DOMONIC A. DAVIS**

                */s/Steven B. Wiley*
               Steven B. Wiley (VSB No. 47531)
               WILEY LAW OFFICES, PLLC
               440 Monticello Ave., Suite 1817
               Norfolk, Virginia 23510
               (757) 955-8455
               (757) 319-4089 facsimile
               swiley@wileylawoffices.com

               *Counsel for Plaintiff*